# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES PITTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case number 4:06cv1609 CAS |
| | ) TCM |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405 (g) for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the applications of James Pittman ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, and for supplemental security income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-1383b.[1] The Commissioner moves to remand this case to the Appeals Council pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff does not oppose this motion.

Plaintiff filed for DIB and SSI in December 2003, alleging he was unable to work after March 1, 2002, because of chronic back and neck pain. (Pl. Br. at 1; R.[2] at 12.) His applications were denied following an administrative hearing before Administrative Law

---

[1]The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

[2]References to "R." are to the administrative record filed by the Commissioner with his answer.

Judge "ALJ" Myron D. Mills. (Id. at 11-18; 471-84.) The ALJ found that Plaintiff had "degenerative disc disease of the lumbosacral spine and cervical spine, some diagnosed polyneuropathy of the lower extremities, hypertension and hepatitis controlled by medication, and recently-diagnosed emphysema[.]" (Id. at 17.) These impairments did not, however, meet or equal the requirements set forth in Appendix 1, Subpart P, Regulations No.4. See 20 C.F.R. Pt. 404, Subpt. P, App. 1. The Appeals Council denied review, effectively adopting the ALJ's decision as the final decision of the Commissioner.

Plaintiff then initiated this action, arguing that the ALJ failed to properly evaluate his residual functional capacity. Specifically, the ALJ erred (1) in concluding that (a) no physician had placed any restrictions on his exertional limitations and (b) he did not suffer from any long-term side effects from his medication; (2) in assessing the objective medical evidence; and (3) in considering the demands of a work environment.

The Commissioner moves to remand to the Appeals Council for the Council to then remand to the ALJ to (i) fully discuss the medical evidence; (ii) "set forth a well-supported residual functional capacity finding"; (iii) obtain testimony by a vocational expert, if necessary, and (iv) issue a new decision. (Mot. at 1-2.) The ALJ is also to "secure the electronic file" in the proceedings on Plaintiff's subsequent applications for DIB and SSI, which have been granted. (Id. at 2.) With the understanding that the purpose of securing the electronic file on the subsequent applications "is to aid the interpretation of the evidence in the instant file and to be used for actions taken only on the applications at issue[,]" Plaintiff does not oppose the motion to remand. (Resp. at 1.) The Commissioner states in his motion

that the electronic file is to be consulted only in the context of the applications now at issue. (Id. at 2.)

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of 42 U.S.C. § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[3] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (alteration added). A remand sought by the Commissioner after he files his answer and in the absence of any new and material evidence "meets the substantive requirements of sentence four." **Id.** The remand sought in the instant case is, therefore, properly considered a sentence four remand. See **Pottsmith v. Barnhart**, 306 F.3d 526, 528 (8th Cir. 2002) (finding that order granting Commissioner's motion to remand for introduction of medical expert testimony was appropriately made pursuant to sentence four); **Boyle v. Halter**, 165 F.Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's motion for remand after answer was appropriately made pursuant to sentence four).

After having filed his answer, the Commissioner requests a remand for the purpose of directing the ALJ to, at a minimum, fully discuss the medical evidence and properly

---

[3]Sentence four reads as follows: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

describe Plaintiff's residual functional capacity. As noted above, Plaintiff does not object, subject to the qualification also set forth above.

Accordingly, for good cause shown,

**IT IS HEREBY RECOMMENDED** that the Commissioner's Motion to Reverse and Remand be **GRANTED** pursuant to sentence four of 42 U.S.C. § 405(g), his decision be REVERSED, and the case be REMANDED for further proceedings as outlined by the Commissioner. [Doc. 26]

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 26th day of September, 2007.