# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JAMES PITTMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | No. 4:06-CV-1609 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff requests attorney's fees in the amount of $1,945.90, which amount is based on multiplying 11.6 hours of attorney time by a rate of $167.75 per hour. Plaintiff's fee request is supported by an itemized statement of attorney time expended in the case.

Defendant filed a response which states that it does not object to the amount of attorney fees requested, but objects to making payment directly to Gateway Legal Services, Inc. "because no evidence of a valid assignment has been presented." Def.'s Response at 1. Plaintiff's reply memorandum includes as an exhibit a fee agreement between plaintiff and his attorney, which assigns any statutory fees awarded to plaintiff under the EAJA to his attorney.

Under the EAJA, reasonable fees and expenses of attorneys may be awarded to the prevailing party. 28 U.S.C. § 2412(b). Further, "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances made an award unjust." Id. at § 2412(d)(1)(A). An award of attorney's fees under a fee-shifting statute belongs to the prevailing party and not the prevailing party's attorney. See Venegas v. Mitchell, 495 U.S. 82, 87 (1990); Evans v. Jeff D., 475 U.S. 717 (1986).

The Court has reviewed plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met. The Court finds that plaintiff's application for attorney's fees is reasonable as to hours expended on this matter. The Court also finds that because plaintiff assigned any attorney's fee award he might receive under the EAJA in this matter to his attorney, the payment is properly made directly to Gateway Legal Services, Inc.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act is **GRANTED**. [Doc. 31]

**IT IS FURTHER ORDERED** that plaintiff is awarded attorney's fees under the Equal Access to Justice Act in the amount of One Thousand Nine Hundred Forty-Five Dollars and Ninety Cents ($1,945.90), and that the award shall be made payable to Gateway Legal Services, Inc.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of February, 2008.